**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Elaine Suva, | NO. C 09-01536 JW |
| Plaintiff, | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; SETTING CASE MANAGEMENT CONFERENCE** |
| v. | |
| Lime Financial Services, Ltd., et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion for a Preliminary Injunction.[1] Plaintiff brings this action against Lime Financial Services ("Lime"), NDEX West, LLC ("NDEX"), and Wells Fargo Bank d/b/a America's Servicing Company ("ASC"), seeking to enjoin Defendants from instituting foreclosure proceedings or taking any other action to deprive Plaintiff of her residence in San Jose, California. Plaintiff alleges that Defendants wrongfully seek to foreclose upon her residence, as she has rescinded the loan transaction, and the mortgage is an abusive and unlawful predatory loan prohibited by federal and state law.

**A.   Background**

On April 8, 2009, Plaintiff filed an *Ex Parte* Motion for a Temporary Restraining Order to enjoin Defendants from foreclosing upon her residence, and in particular, from proceeding with the Trustee's Sale of the property scheduled for April 8, 2009. The Court denied the motion on the grounds that the Court had insufficient proof upon which to grant the requested injunctive relief.

---
[1] (Plaintiff's Motion for a Temporary Restraining Order *Ex Parte* and for Preliminary Injunction at 12, hereafter, "Motion," Docket Item No. 3.)

(See Order Denying Ex Parte Motion for Temporary Restraining Order, hereafter, "April 8 Order," Docket Item No. 11.) The Court, however, set an expedited schedule for a hearing on Plaintiff's Application for a Preliminary Injunction, requiring Plaintiff to serve Defendants with the Motion for Preliminary Injunction, and set the hearing date for this Motion. (Id.) On April 13, 2009, pursuant to the Court's April 8 Order, Plaintiff served Defendants Lime, NDEX, and ASC with a copy of the Court's Order, the Summons and Complaint, and the Motion for Preliminary Injunction. (See Docket Item Nos. 12-14.)

In a Complaint[2] filed on April 8, 2009, Plaintiff alleges as follows:

On April 19, 2006, Plaintiff purchased the residence located at 148 Schott Street, San Jose, California 95116, and entered into an Adjustable Rate Mortgage ("ARM") loan agreement with Defendant Lime. (Complaint ¶¶ 2, 9.) Defendant Lime, a corporation in the business of promoting, marketing, distributing and selling ARM loans, executed an Interest Only Period Adjustable Rate Note with Plaintiff on April 19, 2006, for the sum of $448,800. (Complaint ¶¶ 2, 3, 9, 22.) On July 6, 2006, Plaintiff received notice from Defendant ASC that the servicing of her loan has been transferred to ASC from Lime. (Id. ¶ 26.)

Plaintiff's loan is currently in default. (Complaint ¶ 28.) On November 2, 2008, Plaintiff received an initial Notice of Trustee's Sale from Defendant NDEX, the duly appointed Trustee pursuant to the Deed of Trust for Plaintiff's property, commencing foreclosure proceedings against the real property. (Id. ¶ 11.) Defendants subsequently scheduled a Trustee sale for April 8, 2009. (Id. ¶ 29.)

On the basis of the allegations outlined above, Plaintiff brings the following causes of action: (1) Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (2) Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*; (3) Violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200;

---

[2] (Plaintiff's Complaint Against Lime Financial Services, Ltd., America's Servicing Company, NDEX West, LLC, hereafter, "Complaint," Docket Item No. 1.)

2

(4) Violation of California Business and Professions Code § 17500; (5) Violation of California Civil Code §§ 1709-10; (6) Breach of Fiduciary Duty; (7) Breach of Covenant of Good Faith and Fair Dealing; (8) Promissory Estoppel; (9) Fraud by Intentional Misrepresentation; (10) Fraud by Concealment; (11) Restitution for Unjust Enrichment; (12) Violation of California's Rosenthal Act; (13) Civil Conspiracy; (14) Cancellation of a Void Instrument; and (15) Preliminary and Permanent Injunctive Relief.

**B.     Discussion**

Plaintiff moves for a preliminary injunction on the grounds that Defendants' TILA, RESPA and Home Ownership Equity Protection Act ("HOEPA") violations entitle Plaintiff to rescind or cancel her loan, and the effect of Plaintiff's rescission is that no valid security interest exists upon which Defendants can maintain a foreclosure action. (Motion at 9-10.) Plaintiff contends that the finance charge and the Annual Percentage Rate ("APR") quoted to her by Defendants were both in violation of TILA. (Motion at 8.) Plaintiff further contends that certain documents, including two completed Notices of Right to Cancel, were not timely delivered to her pursuant to both TILA and HOEPA. (Id.)

Under the traditional test for a preliminary injunction, a plaintiff must show: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Natural Resources Defense Council, Inc. v. Winter, 502 F.3d 859, 862 (9th Cir. 2007); Fed. R. Civ. P. 65. Probability of success on the merits does not require "a preliminary adjudication on the ultimate merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1423 (9th Cir. 1984). Rather, to issue preliminary relief, the court need only find a probability that necessary facts will be established-not that such facts actually exist. Id. The grant or denial of a preliminary injunction rests within the sound discretion of the district court. Dollar Rent A Car of Washington, Inc. v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). It is an "extraordinary and drastic remedy that should not be granted unless the movant, by a clear

3

1  showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). The
2  greater the relative hardship to the party seeking the preliminary injunction, the less probability of
3  success must be established by the party. Clear Channel Outdoor Inc. v. City of Los Angeles, 340
4  F.3d 810, 813 (9th Cir. 2003).

5        Here, as to the first prong of the test for a preliminary injunction, Plaintiff has not met her
6  burden of establishing a strong likelihood of success on the merits. The only evidence provided in
7  support of Plaintiff's motion is her own declaration.[3] Plaintiff's declaration states that in the course
8  of the transaction, she may have signed, but did not receive certain required documents. (Suva Decl.
9  at 2.) Plaintiff further states that she has searched the copies of all documents provided to her by
10 Defendants, and that certain documents that she is entitled to under TILA, RESPA and HOEPA
11 cannot be located. (Id.) Plaintiff, however, fails to provide the Court with what she purports to be
12 the full set of documents provided to her by Defendants. Thus, the Court finds that Plaintiff's
13 evidentiary showing regarding Defendants' failure to provide her with necessary disclosures is
14 minimal.

15       Furthermore, the Court is unable to discern what injunctive relief would be proper at this
16 time. Specifically, at the May 4, 2009 hearing, the parties represented that the Trustee's Sale has
17 already occurred and that title has been transferred to other parties. The Court has not been provided
18 with information regarding who presently holds title to the property at issue. Thus, the Court finds
19 Plaintiff has failed to make a strong showing that she is likely to succeed on the merits of her
20 claims.[4]

21       Accordingly, the Court DENIES Plaintiff's Motion for a Preliminary Injunction.

---

[3] (Declaration of Elaine Suva in Support of Motion for Temporary Restraining Order *Ex Parte* and for Preliminary Injunction Hearing, hereafter, "Suva Decl.," Docket Item No. 15.)

[4] In light of the Court's finding, it declines to address the other factors for considering a preliminary injunction motion.

4

**C.     Conclusion**

The Court DENIES Plaintiff's Motion for a Preliminary Injunction. The parties shall meet and confer to discuss the next step of this litigation in light of Defendants' representation that title to the Subject Property has been transferred to other parties. Plaintiff may be required to file an Amended Complaint to added these additional parties; however, the Court will leave it for the parties to resolve these issues and advance the case.

The parties shall appear for a Case Management Conference on **June 22, 2009 at 10 a.m.** to coincide with the hearing on Defendant Lime Financial Services' Motion to Dismiss at 9 a.m. On or before **June 12, 2009**, the parties shall file a Joint Case Management Statement. The Statement shall, among other things, provide a detail procedural history with respect to the sale and transfer of the Subject Property and a list of any additional parties necessary to the action.

Dated:  May 12, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jason M. Julian jmj@severson.com
Jonathan Michael Zak jzak@wrightlegal.net
Ronald Veridiano Uy rvulaw1@yahoo.com

**Dated:  May 12, 2009**                                        **Richard W. Wieking, Clerk**

                                                                **By:   /s/ JW Chambers                    **
                                                                        **Elizabeth Garcia**
                                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California